IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                        : CASE NO. 1:04 CV 2436
CHERYL KRAUSE, et al.,                                  :
                                                        :
                              Plaintiffs,               :
                                                        : OPINION AND ORDER GRANTING
              -vs-                                      : DEFENDANTS' MOTION FOR
                                                        : SUMMARY JUDGMENT
CITY OF ASHLAND, et al.,                                :
                                                        :
                              Defendants.               :

-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on the defendants' motion for summary judgment.  (Docket No. 19).  The plaintiffs in this matter are Cheryl Krause, Joseph Krause, and their liquor establishment, Bullshooters (collectively "the Krauses").  The defendants include the City of Ashland, Ohio; William Strine, Mayor of the City of Ashland; and Ashland city council members Lowell Bender, Ruth Detrow, Greg Gorrell, and Paul Wertz.  The plaintiffs' complaint alleges a violation of Ohio's "Sunshine Laws," and violations of 42 U.S.C. § 1983 for selective enforcement and deprivation of due process.

For the reasons set forth below, the defendants motion will be granted and all claims asserted against the defendants by the Krauses will be dismissed as a matter of law.

## I.  BACKGROUND

Plaintiffs Cheryl and Joseph Krause are the owners and operators of Bullshooters, a liquor establishment located in Ashland, Ohio.  (Docket No. 21 at 3).

On 10 November 2003, the City of Ashland received a letter from the Ohio Department of Commerce, Division of Liquor Control, notifying city officials that all permits to sell alcoholic beverages in Ashland were set to expire on 1 February 2004, and that the City had the right to object to the renewal of any of these permits.[1]  (Docket No. 19, Def.'s Ex. A).  The letter, accompanied by a brochure entitled "How to Object to the Issuance or Renewal of a Liquor Permit," explained the process by which the City could object to a liquor permit renewal:

> In order to register a valid objection with this Division and obtain a hearing, the legislative authority must pass a resolution which specifies the reason for objecting.  The resolution must be addressed to the Division and postmarked no later than January 2, 2004.  The reasons for the objection must be based upon the grounds set forth in Ohio Revised Code Section 4303.292(A)(1)&(2).  The Chief Legal Officer of your political subdivision must submit a statement with the resolution that, in his opinion, the objection is based upon substantial, legal grounds within the meaning and intent of Ohio Revised Code Section 4303.292(A)(1)&(2).

Id.

Upon receiving this letter from the Division of Liquor Control, the City of Ashland Law Director Richard Wolfe recommended to the City Council that it object to the renewal of Bullshooters liquor permit because of the substantial number of police calls and arrests associated with Bullshooters' business.  (Docket No. 19, Def.'s Aff.).

---

[1] All permit holders wishing to maintain their liquor permit privileges are required to file a renewal application with the State of Ohio. (Docket No. 19, Def.'s ex. A).

At a regularly scheduled council meeting held on 2 December 2003, the City Council scheduled a special council session, at the request of Mayor Strine, to be held on 30 December 2003.  (Docket No. 19, Def.'s Ex. B).  On 23 December 2003, Clerk of Council Elaine Hootman forwarded the agenda for the special session to all council members, the Ashland Times Gazette, WMAN radio, and the Mansfield News Journal.  (Docket No. 21, Pl.'s Ex. A-2; Docket No. 19, Hootman Aff. ¶ 4).  The agenda specified "a resolution objecting to the renewal of a liquor permit and requesting a hearing; and declaring an emergency" as the third item of business to be conducted at the meeting.  (Docket No. 19, Def.'s Ex. C).  The City Council passed Resolution No. 24-03 at the 30 December special session ("special session"), which formalized the City's objection to the renewal of Bullshooters' liquor permit and requested the Division of Liquor Control to hold a hearing regarding the establishment's application for a permit renewal.[2]  (Docket No. 19, Def.'s Ex. E).

The Division of Liquor Control held a hearing on 10 June 2004 to determine whether Bullshooters' permit should be renewed, after which the Division conducted an investigation.  (Docket No. 19, Def.'s Ex. F).  The Division denied Bullshooters' renewal application, but the Superintendent of the Division of Liquor Control rejected that decision upon appeal and ordered the Division to process Bullshooters' renewal application.  (Docket No. 21, Pl.'s Ex. A-3).

---

[2]  Resolution NO. 24-03, Section 4 explains: "[T]he reason for objecting to the renewal of the aforesaid permit to sell alcoholic beverages is that, from the period of 11/26/02 through 11/22/03, at least sixty-two public disturbance police reports have been made involving , most frequently, complaints of disorderly conduct and assault, usually resulting from excessive alcoholic consumption, occurring at or about the permit premises and involving patrons of the permit premises . . . ."  (Docket No. 19, Def.'s Ex. E).

3

The plaintiffs subsequently filed a three-count complaint against the defendants. At a Case Management Conference held before this Judge on 11 July 2005, the plaintiff's recognized that their complaint did not clearly identify the causes of action on which they sought relief. (Docket No. 7). The plaintiffs agreed at the conference and this Court set forth in an order that the plaintiffs' complaint raises two causes of action: (1) a violation of O.R.C. § 121.22, also referred to as the "Ohio Sunshine Law," and (2) a violation of 42 U.S.C. § 1983 for selective enforcement and deprivation of due process.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the evidence in the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986); Betkerur v. Aultman Hosp. Ass'n., 78 F.3d 1079, 1087 (6th Cir. 1996). The non-moving party must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (internal quotations and citations omitted).

As summary judgment is a mechanism to dispose of "factually unsupported claims or defenses," Celotex, 477 U.S. at 323-24, the rule is proper only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1480 (6th Cir. 1989).

### III.  LAW AND ANALYSIS

**A.  Sunshine law claim**

The plaintiffs' complaint alleges that the defendants violated Ohio's Sunshine Laws by failing to publish proper notification of the special session, and asserts that the appropriate remedy for such violation is for the Court to "declar[e] the legislation . . . unconstitutional and order[ ] the City to withdraw its objection to plaintiffs' permit renewal."  (Docket No. 1 at 9).  Ohio Revised Code § 121.22 ("Open Meetings Act" or "Act"),[3] requires public officials who meet to consider official business to do so in public. State ex rel. Cincinnati Post v. City of Cincinnati, 76 Ohio St. 3d 540, 542 (Ohio 1996). The Act specifies that any resolution, rule, or formal action is invalid unless it is adopted in an open meeting of the public body, and that all meetings of a public body are "declared to be public meetings."  O.R.C. §§ 121.22(C), (H).  With respect to notice of such meetings, the Act specifies: "Every public body, by rule, shall establish a

---

[3] Ohio Revised Code § 121.22, the "Open Meetings Act," and § 149.43, the "Public Records Act," are the two sections of the Ohio Revised Code that constitute what is more commonly referred to as Ohio's "Sunshine Laws."  Plaintiffs' complaint cites "Sunshine Laws" as the statute under which it seeks relief but does not identify a specific section of the Ohio Revised Code. (See Docket No. 1).  Because the plaintiffs' memorandum in opposition to the defendants' motion cites to § 121.22, however, the Court interprets the plaintiffs' "Sunshine Law" claim as asserting a cause of action under § 121.22.

reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the new media that have requested notification." O.R.C. § 121.22(F). Finally, upon proof of violation of the Open Meetings Act, the court shall issue an injunction to compel the public body to comply with the statute and pay a civil forfeiture of five hundred dollars. O.R.C. § 121.22(I).

The facts and evidence before the Court, viewed in a light most favorable to the plaintiffs, demonstrate that the defendants did not violate the Open Meetings Act. The notification requirement set forth in the Act requires a public body, such as a city council, holding a special session to give at least twenty-four hours' advance notice of to any news media outlet that requested such notification. O.R.C. § 122.21(F). Elaine Hootman, the Clerk of Courts, affirms by affidavit that she sent a copy of the agenda for the 30 December special session seven days in advance to local media outlets as well as the members of council. (Docket No. 19, Hootman Aff. at ¶ 4). The agenda identified the date, time, and location of the meeting, as well as the items of business to be conducted at the special session. (Docket No. 19, Def.'s Ex. C). Specific to the instant matter, "A resolution objecting to the renewal of a liquor permit and requesting a hearing; and declaring an emergency" was listed as the third order of business. Id. As plaintiffs offer no evidence or facts to the contrary, it is clear that the defendants did not violate the Open Meetings Act.

The plaintiffs argue that because no public notice appeared in the local

6

newspaper and because they were not personally afforded advance notification of the special session, the defendants did not satisfy the Act's notice requirement. To the contrary, the Open Meetings Act does not require a public notice to actually *appear* in the newspaper, only that the public body forward notice of the special meeting twenty-four hours in advance to those outlets requesting notification. Further, the Act only requires city council to notify individuals of regularly scheduled or special meetings only "upon request and payment of a reasonable fee." O.R.C. § 122.21(F). In the present matter, plaintiffs have offered no evidence, or even an unsupported allegation, that they ever requested such notification from the Ashland City Council.

Finally, the Court notes that the remedy sought by the plaintiffs is inconsistent with the remedial measures set forth in the statute. Even if one were to assume that the City Council violated the notice requirement of the Open Meetings Act, such violation would not render Resolution 24-03 unconstitutional, as plaintiffs urge this Court to declare. Plaintiffs confuse the Act's notice requirement with the Act's requirement to only conduct official business at public meetings. Section (H) of the Act specifies that a resolution is only valid if it is enacted at an open meeting of the public body. The Act does not provide that a resolution is void if it is passed at a meeting held without proper notice. The proper remedy for the Act's notice requirement is not nullification of the formal action of the public body but, instead, injunctive relief compelling the public body to comply with the Act and a nominal civil forfeiture of five hundred dollars. O.R.C. § 121.22(I). However, because the defendants did not violate the Open Meetings Act, the plaintiff's are not entitled to a remedy.

7

For the reasons set forth above, there is no genuine issue as to any material fact with respect to the plaintiffs' allegation that the defendants violated Ohio's Open Meetings Act, and the Court will dismiss this claim as a matter of law.

**B.  Section 1983 claims**

Section 1983 creates a federal cause of action against state and local government and state and local government officials who deprive a person of a federal right while acting under the color of state law.  Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005).  The plaintiffs assert in their complaint that the defendants violated 42 U.S.C. § 1983 for selective enforcement and deprivation of due process rights.  The defendants now urge this Court to dispose of the § 1983 claims asserted against them on the grounds that the plaintiff failed to set forth any facts or evidence that plaintiffs' federal rights were violated.

**1. § 1983 claims raised against members of council and the mayor**

"A § 1983 claim must present two elements: (1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law."  Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).  In the present case, the plaintiffs fail to assert facts to support their § 1983 claims of selective enforcement  and denial of due process against Ashland City Council, council members or the mayor.

To prevail on a § 1983 claim of selective enforcement, the plaintiffs must demonstrate they were singled out for law enforcement action because of their membership in a protected group or because they were exercising constitutionally

8

protected rights.  Banks of Whitehall, 344 F.3d 550, 555 (6th Cir. 2003) (citing Gardenhire v. Schubert, 205 F.3d 303, 318-19 (2000).  A review of all facts and evidence presented to the Court fails to demonstrate that the plaintiffs were members of a protected class or that they were singled out for law enforcement action.  Thus, the plaintiffs' claim of selective enforcement is without merit.

To prevail on a § 1983 claim for deprivation of due process, the plaintiffs must demonstrate that they were deprived of life, liberty, or a property interest, and that such deprivation occurred without prior notice and an opportunity for a hearing.  Warren v. City of Athens, 411 F.3d 697, 708-09 (6th Cir. 2005).  The plaintiffs' complaint asserts loss of a property interest in the form of their liquor permit, yet "[a] permit issued pursuant to liquor control statutes is not a property right."  BPNC, Inc. v. Taft, 147 Fed.Appz. 525, 529 (6th Cir. 2005) (citing State ex rel. Zugravu v. O'Brien, 130 Ohio St. 23, 26 (Ohio 1935)).  Therefore, without deprivation of a property interest, the plaintiffs' allegation that the defendants violated their constitutional right to due process is also without merit.

As the plaintiffs fail to demonstrate that the members of Ashland City Council and Mayor Strine violated their constitutional right against selective enforcement or violated their constitutional right to due process, the plaintiffs failed to satisfy the first element of their § 1983 claims as against these defendants.

## 2.  § 1983 claims raised against the City Ashland

To establish that the City of Ashland is liable under § 1983 for the actions of its council members or mayor, the plaintiffs must offer evidence of an action "pursuant to

official municipal policy of some nature that caused a constitutional tort." Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978).  In the alternative, the plaintiffs may point to "governmental custom even though such a custom has not received formal approval through the body's official decision making channels." Id. at 691; Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005) (explaining the plaintiff can satisfy his or her burden by proving the existence of "a custom of tolerance or acquiescence of federal rights violations").  A local government entity can only be held liable where it can be said that the entity itself causes the harm.  Shamaeizadeh v. Cunigan, 338 F.3d 535, 556 (6th Cir. 2003).  Thus, "[r]espondent superior or vicarious liability will not attach under § 1983."  City of Canton v. Harris, 489 U.S. 378, 385 (1989).

       The facts and evidence offered by the plaintiffs fail to allege or identify the existence of any City policy, practice, or custom with respect to the allegations pertaining to the conduct of its council members or mayor.  In support of their § 1983 claims, the plaintiffs rely on a conclusory allegation that the defendants "acted under color of law for improper purpose and in reckless disregard for the law," and they are therefore liable to the plaintiffs pursuant to  § 1983. (Docket No. 21 at 13).  As a preliminary matter, this is not the correct legal standard for evaluating a § 1983 claim against the City.  More to the point, the facts and evidence proffered by the plaintiffs are void of any evidence that the City's officials violated the plaintiffs' federal rights pursuant to a municipal policy or custom.  Absent such evidence, the City bears no liability under § 1983.

## IV.  CONCLUSION

For the reasons set forth above, the Court concludes that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law.  The motion for summary judgment is granted and each of plaintiffs' claims asserted against all defendants are dismissed.

IT IS SO ORDERED.

    /s/ Lesley Wells    11/20/06
UNITED STATES DISTRICT JUDGE